```
                                 UNITED STATES DISTRICT COURT
                                 SOUTHERN DISTRICT OF FLORIDA

                                 CASE NO. 08-22965-CIV-HUCK
                                 MAGISTRATE JUDGE P. A. WHITE

IGOR FEDERICO MANOTAS-LOPEZ,   :

     Plaintiff,                :

v.                             :      REPORT OF
                                      MAGISTRATE JUDGE
MICHAEL WALSH, ET AL.,         :

     Defendants.               :
_____
```

## I. Introduction

This Cause is before the Court upon a civil complaint filed by Igor Federico Manotas-Lopez, who is currently incarcerated at the Federal Correctional Institution in McRae, Georgia. [DE #1]. The plaintiff is proceeding in forma pauperis. [DE# 5].

This Complaint is brought under the authority of Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1] and, according to the plaintiff, under the Commerce Clause,

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981). Thus, courts generally apply §1983 law to Bivens cases. Abella v. Rubino, 63 F.3d 1063, 1065 (11 Cir. 1995).

the Federal Question Doctrine, the Pendent Jurisdiction Rule and under the Diversity of Citizenship Doctrine.

The plaintiff pled guilty to charges of conspiracy to import into the United States five or more kilograms of cocaine, in violation of 21 U.S.C. §§952(a) and 963; conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846; and three counts of attempting to import into the United States five kilograms or more of cocaine, in violation of 21 U.S.C. §§952(a) and 963.  He was sentenced to 135 months' imprisonment.

The plaintiff alleges that he was wrongly extradited from Colombia to the United States to face charges of conspiracy to import cocaine when an unidentified person gave knowingly false testimony to a grand jury.  He further claims that his defense counsel, Michael Walsh, "fraudulently duped [him] into pleading guilty by offering false promises that he knew would not materialize."  The plaintiff claims that his family paid Mr. Walsh $40,000.00 to prosecute an appeal, but he could not do so after missing the deadline to appeal.  He asserts that Mr. Walsh then had his associate, defendant Jordan Lewin, pursue a motion to vacate based on his own ineffectiveness.

The plaintiff raises seven separate claims.  The first claim is styled "Gross Negligence."  In this claim the plaintiff alleges that Walsh was paid to file an appeal, but did not do so because he missed the deadline, and instead advised that he was seeking other means to challenge the conviction and sentence.

The second claim is styled "Breach of a Fiduciary."  The plaintiff alleges that because Walsh created a conflict of interest

2

by having an associate pursue his motion to vacate, Walsh was forced to withdraw a pending motion for specific performance of "an implied in fact contract with the government."

The third claim is styled "Conversion and Money Had and Received." The plaintiff alleges that Walsh received money to file an appeal but did not do so and did not return the plaintiff's money despite a formal demand.

The fourth claim is styled "Fraud and Deceit." He alleges that Walsh misrepresented material facts and made false statements to induce him to plead guilty and accept responsibility for a crime he did not commit. The plaintiff contends that after a motion to suppress hearing, AUSA Joseph Cooley spoke with him and told him that if he pled guilty he would give him a 5K letter and request a 60 month sentence. The plaintiff refused, and then Walsh told him that he had a side deal with Cooley in which the plaintiff would only get a 32 month sentence. The plaintiff then agreed to plead guilty, but ended up getting a 135 month sentence.

The fifth claim is styled "Conspiracy to Violate Civil Rights." The plaintiff claims generally that Walsh and Lewin conspired to violate unspecified statutory rights and the constitutional rights to counsel and due process.

The sixth claim is styled "Breach of Written and Implied in Fact Contract." The plaintiff alleges that he entered in to a written agreement with Cooley, which provided that if the plaintiff pled guilty, dropped the pending pretrial motions and cooperated with the government, Cooley would file a 5K letter and request a maximum sentence of 60 months. He claims that the "implied in fact" agreement also provided that id Cooley did not file a 5K

3

letter, he would thereafter file a Rule 35 motion for reduction of sentence so that the sentence would be no more than 60 months. The plaintiff claims that Cooley has not complied with the terms of the agreement.

The seventh claim is styled "Recklessness and Gross Negligence." The plaintiff claims that ICE Agent Christopher Ciccione acted recklessly and with gross negligence by receiving information that he knew or should have known was false and by providing false information to a grand jury, which led to his extradition and indictment. The false information apparently relates to the reliability and/or existence of an intercepted telephone call.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

4

```
                       *    *    *

              (B) the action or appeal -

                       *    *    *

              (i)  is frivolous or malicious;

              (ii) fails to state a claim on which
              relief may be granted; or

              (iii) seeks monetary relief from a
              defendant who is immune from such
              relief.
```

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for

failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

## Claims Arising Under Bivens

Although not specifically stated, it appears that the plaintiff is seeking to sue AUSA Cooley and Agent Ciccione, both federal actors, under Bivens.  Walsh and Lewin are not proper defendants in a Bivens action.

To the extent that the plaintiff alleges that he was falsely arrested and imprisoned, and all other claims arising out of his convictions and sentences, such as malicious prosecution and prosecutorial misconduct and ineffective assistance of counsel, he specifically attacks the legality of his convictions and sentences. As such, his claims are foreclosed under Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), and its progeny. See Trupei v. United States, 2008 WL 5245611 (11 Cir. Dec. 18, 2008); Hindman v. Healy, 278 Fed. Appx. 893 (11 Cir. 2008). In Heck, the Supreme Court held that if a judgment in favor of a state prisoner seeking damages in a §1983 suit would necessarily imply the invalidity of his or her conviction or sentence, the claim for damages is not cognizable under §1983 and the complaint must be dismissed, because the claim for damages will not exist unless and until the prisoner can demonstrate that the conviction or sentence has previously been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. The Heck decision applies to Bivens claims. Abella v. Rubino, 63 F.3d 1063, 1065 (11 Cir. 1995). Heck applies both to actions for money damages and for injunctive relief. Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).

Because the plaintiff's conviction and sentence have not been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus, he cannot maintain a Bivens action for damages at this time against any of the named defendants.

### Claims Based on Diversity of Citizenship

The plaintiff, a Colombia native, apparently seeks to sue Walsh and Lewin, both citizens of Florida under the court's diversity of citizenship jurisdiction. He alleges that Walsh engaged in "gross negligence" by failing to file a direct criminal

appeal; engaged in "breach of a fiduciary" by creating a conflict of interest by having his associate pursue his motion to vacate, forcing him to withdraw a pending motion for specific performance of "an implied in fact contract with the government;" engaged in conversion by failing to file an appeal and not returning the plaintiff's money despite a formal demand; engaged in "fraud and deceit" by misrepresenting material facts and making false statements to induce him to plead guilty and accept responsibility for a crime he did not commit; and conspired with Lewin to violate his civil rights.

To the extent the plaintiff can raise these claims in a federal court, jurisdiction must be based on diversity of citizenship. Jurisdiction is improper in this case under the Commerce Clause or the Federal Question Doctrine, and pendent jurisdiction is improper because the plaintiff has raised no federal claims that may proceed. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

A district court has original jurisdiction over all cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. §1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants. See Carden v. Arkoma Assoc., 494 U.S. 185, 187 (1990). A federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1 Cir. 2004); Fed.R.Civ.P. 12(h)(3).

It does not appear that the plaintiff can invoke this Court's diversity jurisdiction because the actual amount in controversy is $40,000, less than the required jurisdictional amount. The

8

plaintiff relies on a request for punitive damages to meet the statutory requirement. However, it is not clear whether he would be entitled to recover punitive damages in a breach of contract or related action against his retained attorneys. If the plaintiff wishes to establish that the court has diversity jurisdiction over a state-created cause of action he must include a short and plain statement of the claim he is asserting, as required by Rule 8(a) of the Federal Rules of Civil Procedure, in order that the court may ascertain whether punitive damages are legally recoverable and therefore includable for purposes of determining the jurisdictional amount. See Huftstetler v. Davies, 309 F.Supp. 1372, 1375 (D.C.Ga. 1970).

In essence, the plaintiff is challenging the constitutionality of his conviction by raising claims of ineffective assistance of counsel, prosecutorial misconduct, and other related claims. If the plaintiff desires to raise claims which challenge the legality of his conviction and sentence, such as counsel's failure to file a direct appeal, he must seek permission from the Eleventh Circuit to file a successive §2255 motion, explaining why he could not have raised the claims in the earlier motion to vacate. See 28 U.S.C. §2244(b)(3)(A).

### III.   Recommendation

Based on the foregoing, it is recommended that this Complaint be dismissed, and that the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 3rd day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Igor Federico Manotas-Lopez, <u>Pro Se</u>
Reg No. 63953-004
Federal Correctional Institution
P.O. Drawer 30
McRae, GA 31055